UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

KIM CARL,

Petitioner,

-against-

SUPERINTENDENT MICHAEL RITTER,

Respondent.
-------------------------------------------------------------X

**ORDER**

26 Civ. 3037 (NSR)(JCM)

Presently before the Court is Petitioner Kim Carl's request that this Court issue a subpoena to AT&T for cell phone location records in support of his petition for habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 15). Respondent Michael Ritter opposes this request. (Docket No. 17). For the reasons set forth herein, Petitioner's request is denied.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997)). Instead, courts have discretion to permit discovery only upon a petitioner's showing of good cause. *See Hirschfeld v. Comm'r of Div. of Parole*, 215 F.R.D. 464, 465 (S.D.N.Y. 2003). "A petitioner must show good cause by presenting specific allegations which give the Court reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Id.* (internal quotations omitted). A court may deny a petitioner's request for discovery "where the petitioner provides no specific evidence that the requested discovery would support his habeas corpus petition." *Id.* Thus, a habeas petitioner "bears a heavy burden in establishing a right to discovery." *Hodge v. Griffin*, No. 13 Civ. 1977 (LTS)(JCF), 2013 WL 5231473, at *1 (S.D.N.Y. July 19, 2013) (internal quotations omitted).

Petitioner asserts that the requested cell phone records will prove he was not at the crime scene, thereby establishing his innocence. (*See generally* Docket No. 15). First, as a threshold matter, habeas review under 28 U.S.C. § 2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits." *Gantt v. Miller*, No. 19 Civ. 2910 (VB)(JCM), 2023 WL 8114500, at *3 n.4 (S.D.N.Y. Nov. 22, 2023) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)).[1] Here, Petitioner failed to seek a subpoena and present such evidence at trial. Second, Petitioner's theory "that he was not at the crime scene, and all of the numerous police and civilian witnesses who testified otherwise are engaging in a vast conspiracy to frame him for a high-speed chase that never occurred," was fully explored and rejected at trial. (Docket No. 17 at 1).[2] Petitioner's generalized and speculative assertions that these records support his habeas corpus petition are without merit, and are "insufficient to demonstrate the 'good cause' required to order discovery in a habeas case." *Jackson v. Conway*, No. 05-CV-0571(VEB), 2008 WL 850326, at *1 (W.D.N.Y. Mar. 28, 2008). Therefore, Petitioner has failed to meet his "heavy burden" establishing his right to the discovery sought.

Moreover, to the extent Petitioner seeks an evidentiary hearing regarding this requested discovery, that request is similarly denied for substantially the same reasons. *See, e.g., Hodge,* 2013 WL 5231473, at *1-2 (denying habeas petitioner's request for discovery and for an evidentiary hearing because the petitioner did "not make any specific allegations as to how the documents [sought] will establish that he is entitled to relief," and because he did not set forth

[1] If Petitioner does not have access to cases cited herein that are available only by electronic database, then he may request copies from Respondent's counsel. *See* Local Civ. R. 7.2 ("Upon request, counsel must provide the *pro se* litigant with copies of such unpublished cases and other authorities as are cited in a decision of the court and were not previously cited by any party.").

[2] All page number citations herein refer to the page numbers assigned upon ECF filing, unless otherwise noted.

"what factual predicate he seeks to establish through an evidentiary hearing in support of his petition.").

Accordingly, Petitioner's request for discovery is denied. The Clerk of Court is respectfully directed to mail a copy of this Order to the *pro se* Petitioner.

Dated: October 27, 2026
White Plains, New York

**SO ORDERED:**

Judith C. McCarthy

JUDITH C. McCARTHY
United States Magistrate Judge